UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:

ALEX HERMOSILLA,

    DEBTOR.

CHAPTER 7
CASE NO. 05-11048-WCH

**MEMORANDUM OF DECISION REGARDING MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND MOTION FOR SANCTIONS AGAINST HERBERT COHEN, ESQ. AND NANCY SUE KELLER, ESQ.**

I.    Introduction

The matters before the Court are the two motions of Alex Hermosilla ("Debtor") in which he seeks orders relating to the disposition of the postpetition sale proceeds of his former homestead. In his Motion for Approval of Settlement Agreement ("Settlement Motion"), Debtor moves for approval of a divorce stipulation ("Settlement Agreement"),[1] which provides for the resolution of certain equitable claims of the Debtor and his estranged wife ("Hilda") by a distribution of the proceeds from the Debtor's homestead. In his Motion for Sanctions Against Herbert Cohen, Esq. and Nancy Sue Keller, Esq. ("Sanctions Motion"), the Debtor moves for the imposition of sanctions against Attorney Herbert Cohen ("Cohen") and Attorney Nancy Sue Keller ("Keller") for their efforts to obtain payment of attorneys' fees from the proceeds, allegedly in violation of the automatic stay. Hilda and the Chapter 7 Trustee ("Trustee") filed

---

[1] See Motion for Approval of Settlement Agreement, Case No. 05-11048-WCH, Docket No. 216, with undated exhibit titled Stipulation of Parties. The caption of this stipulation, the Settlement Agreement, provides: Hilda Cristina Hermosilla v. Alex Hermosilla, Docket No. 03-D01620-DV1, Commonwealth of Massachusetts Trial Court, Probate and Family Court Department, Essex Division.

1

limited objections to the Settlement Motion, and Cohen and Keller filed objections to the Sanctions Motion. After a nonevidentiary hearing, I took these matters under advisement. For the reasons set forth below, I will enter an order denying both the Settlement Motion and the Sanctions Motion.

II.   Background[2]

The Debtor commenced this case by filing a petition under Chapter 7 of the Bankruptcy Code on February 16, 2005 ("Petition").[3] On Schedule A of the Petition, the Debtor listed his various interests in real property, including his interest in 108-110 Nahant Street, Lynn, Massachusetts ("Property"). He listed the Property as having a current market value of $539,900, subject to a secured claim of $300,882. On Schedule C of the Petition, the Debtor claimed an exemption of $239,018 in the Property under the Massachusetts homestead exemption statute, Mass. Gen. Laws ch.188, § 1.

No party in interest filed an objection to the Debtor's claim of exemption in the Property or to the Trustee's notice of intent to abandon the Property Thereafter, the Debtor sold the Property and, after paying Hilda her share of the proceeds, turned over the remainder to the state-appointed master in his divorce proceeding to be held in escrow ("Proceeds").

When the Debtor filed for relief, he was a party in at least two pending state court lawsuits. One case involved his divorce proceeding with Hilda. She obtained relief from stay to continue that proceeding.

---

[2] The facts necessary to decide the two motions are set forth in the pleadings and are not subject to dispute.
[3] All references to Bankruptcy Code shall be to 11 U.S.C. § 101, et seq. as in effect prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23.

2

Cohen represented the Debtor in the divorce proceeding and in the fraudulent conveyance action described below. On Schedule F of the Petition, the Debtor listed Cohen as an unsecured creditor with a claim in an unknown amount. In his proof of claim, Cohen listed the total amount of his claim at the time the case was filed as $46,507.75. Subsequent to the Trustee's objection to the claim, I entered an order allowing the claim in the amount of $41,432.75 as an unsecured non-priority claim.

The Debtor was also a defendant in a lawsuit that his then stepmother had filed against the Debtor and his father in which she sought to undo the transfer of the Property from the father to the Debtor in 2002. The stepmother obtained relief from the automatic stay to continue that action and eventually she obtained a judgment whereby the court concluded that the father held a one-half interest in the Property and the interest was to be addressed in the divorce proceeding between the stepmother and father. The state court also sanctioned the Debtor for his post-petition conduct by awarding the stepmother's counsel attorneys' fees. In the dischargeability proceeding which the stepmother brought against the Debtor, I ruled that the sanction is a non-dischargeable postpetition debt.[4] The Debtor did not appeal that ruling and I denied his motion for partial reconsideration as moot as that adversary proceeding had been closed.[5] In a motion for clarification of the order granting the stepmother relief from stay, I ruled that I have no jurisdiction over the division of the Proceeds and rather it is the state court that must decide the issue.[6]

---

[4] See Hermosilla v. Hermosilla (In re Hermosilla), Adv. Proc. No. 05-1444, 2007 WL 1169175 (Bankr. D. Mass. April 19, 2007).
[5] See id. at Docket No. 65.
[6] See Order on Fresia Hermosilla's Motion for Clarification, Case No. 05-11048-WCH, Docket No. 214.

3

Earlier in this case, the Trustee filed his Motion of Chapter 7 Trustee for Order Compelling Debtor to Deliver Property to Chapter 7 Trustee, wherein the Trustee sought an order compelling the Debtor to turnover to the Trustee a tax refund ("Refund") which was property of the estate. I granted the motion.[7] At the same time, the Trustee filed a complaint objecting to the Debtor's discharge based upon the Debtor's actions with respect to the Refund.[8] That adversary proceeding is open but inactive.

A.  The Settlement Motion

In the Settlement Motion, the Debtor seeks approval of the Settlement Agreement because he claims it resolves property division issues. The Settlement Agreement provides for the amendment of the Debtor and Hilda's previous judgment of divorce to incorporate the waiver of certain claims. With respect to the distribution of the Proceeds and other funds, it provides as follows:

(a) $14,467 to Hilda from the amount being held in escrow by her attorney;
(b) $23,956 to Hilda from the amount being held in escrow by the state court master [the Proceeds];
(c) $295 to the state court master for her fees;
(d) the remaining amount, estimated to be approximately $15,044, to the Debtor.[9]

Hilda filed a response seeking clarification that the only matters resolved under the Settlement Agreement were the claims for equitable division of marital property, and not any of the other matters pending between the Debtor and Hilda, including Hilda's pending adversary proceeding.[10] The Chapter 7 Trustee filed a limited objection, seeking as a condition to approval

---

[7] See Order Granting Motion of Chapter 7 Trustee for Order Compelling Debtor to Deliver Property to Chapter 7 Trustee, Case No. 05-11048-WCH, Docket No. 168.
[8] Murphy v. Hermosilla, Adv. Proc. No. 05-1576.
[9] See supra note 1.
[10] See Hermosilla v. Hermosilla, Adv. Proc. No. 05-1360. Hilda's adversary proceeding concerns Hilda's challenge to the dischargeability of certain debts that the Debtor allegedly owes her under 11 U.S.C. §§ 523(a)(5), (6) and (15).

4

of the Settlement Agreement the Debtor's payment of the Refund. Keller and Cohen did not object to the Settlement Motion.[11]

B. The Sanctions Motion

In the Sanctions Motion the Debtor seeks an order holding both Keller and Cohen in contempt for their alleged violations of the automatic stay under 11 U.S.C. § 362. In support, the Debtor contends that Keller and Cohen are attempting to collect their prepetition claims from the Proceeds which remains an exempt asset under under 11 U.S.C. § 522(c). The Debtor also requests an order enjoining Keller and Cohen from any further action to collect on their claims and awarding him actual damages in the amount of $10,000, and punitive damages in the amount of $10,000.

In her opposition to the Sanctions Motion, Keller argues that she did not violate the automatic stay by pursuing her claim of $25,000. In support, Keller relies on In re Hyde, 334 B.R. 506, 512 (Bankr. D. Mass. 2005), pointing out that the court therein held that the automatic stay terminated when the property was removed from the estate. Further, Keller argues that the $25,000 debt arose postpetition and is unaffected by the automatic stay as I ruled in her adversary proceeding.[12] In light of her position that the Debtor's position is wholly without merit, Keller also requests that I award her attorneys' fees and costs.

In his opposition to the Sanctions Motion, Cohen does not dispute that he is attempting to collect his attorneys' fees but argues that the fees he seeks are for services rendered postpetition, for which he has filed an attorneys' lien in the state court matters. A breakdown of the various

---

[11] Current counsel for the Debtor in the divorce proceeding did represent, however, that in the state court Keller objected "strenuously" to the entry of the Settlement Agreement because her counsel fees were outstanding. See Transcript of Hearing dated May 23, 2007, Case No. 05-11048-WCH, Docket No. 235, 6:25 - 7:3.

[12] See supra note 4.

5

legal fees in the Petition to Establish Legal Fees and Amount of Attorney's Lien attached to the Sanctions Motion does not differentiate between Cohen's prepetition and postpetition claims. The breakdown does, however, reflect that the amount of $41,432.75 previously allowed as Cohen's prepetition claim has been subtracted, leaving a balance owed of $29,295.10.

Cohen argues that while the automatic stay does apply to prepetition debts and property of the estate, the automatic stay does not apply to postpetition debts and property which is no longer property of the estate. In support, Cohen relies upon 11 U.S.C. §§ 362(a)(1) and (6), which address claims that arose prior to the commencement of the case. Similar to Keller, Cohen argues that 11 U.S.C. § 362(c) and Hyde, 334 B.R. at 512, support the proposition that the automatic stay does not apply to his claim to the Proceeds.

III. Discussion

    A. The Court Does Not Have Jurisdiction Over the Settlement Motion

The standard in this Circuit for approving compromises or settlements is well-settled. See Fed R. Bankr. P. 9019; Jeffrey v. Desmond (In re Jeffrey), 70 F.3d 183, 186 (1st Cir. 1995). Where the compromise does not concern property of estate, however, these standards are entirely irrelevant.

After the deadlines to file an objection to the Debtor's claim of homestead and the Trustee's notice of abandonment expired, see Fed. R. Bankr. P. 4003 and 6007, the Property ceased to be property of the estate and reverted to the Debtor. See 11 U.S.C. § 554(a). The Proceeds are therefore likewise not property of the estate. Further, I have ruled in this proceeding that I have no jurisdiction over the division of the Proceeds and that the state court is

6

authorized to decide that distribution.[13] The additional resolution of claims set forth in the Settlement Agreement also does not implicate property of the estate.

The proper forum to decide the propriety of the Settlement Agreement is the state court. Moreover, because I lack jurisdiction over the Settlement Agreement, I will overrule the Trustee's objection.[14] As the Settlement Motion does not concern property of the estate, and I lack jurisdiction over its subject matter, I will enter an order denying the motion.

B.    The Automatic Stay Does Not Apply to the Sanctions Motion

Section 362(c) of the Bankruptcy Code governs the duration of the automatic stay. It provides that "[e]xcept as provided in subsections (d), (e), and (f) of this section - (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate." 11 U.S.C. § 362(c); In re Hyde, 334 B.R. 506, 512 (Bankr. D. Mass. 2005).

In Hyde, the debtor obtained his discharge and the Trustee abandoned the real estate. Thereafter, the debtor sold the real estate. Judge Feeney ruled that because the Chapter 7 Trustee had filed a notice of abandonment and the debtor obtained his discharge, the real estate was no longer property of the debtor's bankruptcy estate, and the creditor did not violate the automatic stay in seeking to attach the proceeds of the exempt property. In this case, as noted above, after the Trustee abandoned his interest in the Property, it was no longer property of the estate and the automatic stay terminated. The Proceeds, which the Debtor obtained after

---

[13] See supra note 6.
[14] Even were I to have jurisdiction, it is unclear on what basis I could sustain the Trustee's limited objection as the Trustee has not established evidence of a lien superior to that of the other parties who have made a claim to the Proceeds.

7

subsequently selling the Property, were never property of the estate or subject to the automatic stay.

As I can find no automatic stay which creditors Cohen and Keller could have violated with respect to the Proceeds, I will enter an order denying the Sanctions Motion.

C. Creditors' Rights to Proceed under Formerly Exempt Proceeds

In the Sanctions Motion, despite his failure to so denominate, the Debtor appears to seek the same type of determination as that of the debtor in Hyde – that is, a determination that the Proceeds are exempt from the claims of Keller and Cohen. In Hyde, the debtor filed a motion for a court order confirming that the sale proceeds of his former residence were exempt. Judge Feeney had to consider whether 11 U.S.C. § 522(c) shielded the proceeds of the postpetition sale of a homestead from the claims of creditors, even though the Massachusetts homestead exemption statute does not specifically exempt such proceeds. See Hyde, 334 B.R. at 513-14.

Section 522(c) of the Bankruptcy Code provides that " . . . property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case," subject to certain exceptions. 11 U.S.C. § 522(c). In Hyde, Judge Feeney accepted the reasoning of In re Reed, 184 B.R. 733 (Bankr. W.D. Tex 1995), in which the court recognized that the majority of the courts that have considered the foregoing issue have ruled that property properly exempted through the bankruptcy process does not lose its exempt status simply due to a postpetition change in the character of the property. Id. at 515.

I do not need to reach that conclusion in this case, however. As also noted in Hyde, while exempted property may not be vulnerable to the satisfaction of any of the debtor's prepetition obligations, such property would not be exempt from his postpetition obligations.

8

See 334 B.R. at 514-15. The Sanctions Motion is wholly concerned with only the postpetition claims of Keller and Cohen. My previous determination that Keller's claim was a postpetition sanction and my order granting summary judgment on that basis was not appealed, and is a final order. Cohen has represented, without opposition, that his attorneys' lien concerns only the amount of his postpetition claim. That assertion is consistent with the rationale that an attorney only accrues a "claim," as defined in 11 U.S.C. § 101(5), when the attorney actually provides the postpetition services for which the debtor agreed to pay. See In re Chase, Adv. Proc. No. 06-1294, 2007 WL 1470466, at *6-7 (Bankr. S.D. N.Y . May 18, 2007). To the extent the Debtor is suggesting that 11 U.S.C. § 522(c) protects the proceeds of a properly exempted but terminated homestead from postpetition claims into perpetuity, I reject his argument.

IV.   Conclusion

For the foregoing reasons, I will enter an order denying both the Settlement Motion and the Sanctions Motion. As I agree that the Debtor's basis for the Sanctions Motion is wholly without merit, Keller may submit an affidavit for her attorneys' fees and costs, which I will consider.

*[signature]*

_____
William C. Hillman
United States Bankruptcy Judge

Dated: August 6, 2007